UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JORGE SANTILLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-2090 |
| | ) | |
| JEROME COMBS DETENTION CENTER, *et al.* | ) ) ) | |
| Defendants. | | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at Will County Adult Detention Facility, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that officials at Jerome Combs Detention Center told him to clean drawings off the wall of his cell with cleaning supplies they provided. Plaintiff alleges he refused because he was not the detainee who made the drawings and that "it wasn't [his] job." Plaintiff alleges that he complied after officials threatened to send him to segregation.

Plaintiff's allegations do not permit a plausible inference that he suffered the type of extreme deprivation required to show a Fourteenth Amendment violation. *See Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (extreme deprivations, viewed in relation to common standards of decency, are required to make out a conditions-of-confinement claim).

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Consistent with the practice in this circuit, the Court will grant Plaintiff leave to file an amended complaint per the instructions below to provide any additional information he wants the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

Entered this 13th day of July, 2022.

                              *s/Sara Darrow*
                              SARA DARROW
                              CHIEF U.S. DISTRICT JUDGE